**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pandvil LLC, | No. CV-24-03216-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Jean Paul Chavez Pino, | |
| Defendant. | |

Before the Court are Plaintiff Pandvil LLC's Amended Motion for Default Judgment (Doc. 25) and Motion for Attorneys' Fees (Doc. 21).

**I.**

As the Clerk of Court has entered default (Doc. 19), the Court takes the Complaint's factual allegations as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff Pandvil LLC is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.(Doc. 1 ¶¶ 1, 6.) As part of its business, Plaintiff creates "Islands," digital locations that are designed to be used in the video game Fortnite. (*Id.* ¶¶ 6-8.) Fortnite pays developers revenue based on the number of users who use their Island. (*Id.* ¶ 10.) Plaintiff created an Island with the ID number 6013-7804-4824 (the "4824 Map"). (*Id.* ¶ 11.)  In August 2024, among the Islands in the same genre, Plaintiff's Island was the most popular among the Islands in the same genre. (*Id.* ¶ 13.) It generated approximately $52,000 in revenue for Plaintiff during that month. (*Id.* ¶¶ 11-13.)

Defendant Jean Paul Chavez Pino is an individual whose address is Alborada 3ra

Etapa MZ bi solar 2, Guayaquil, Ecuador. (*Id.* ¶ 2.) He also creates Islands for Fortnite. (*Id.* ¶¶ 2, 12.) On or about October 1, 2024, Defendant filed a Digital Millennium Copyright Act takedown notice with Fortnite, alleging the 4824 Map infringed on his copyright. (*Id.* ¶ 14.) Plaintiff alleges that Defendant's notice was incomplete, inaccurate, and untrue, and that Defendant knew it was improper when he submitted it. (*Id.* ¶¶ 15, 17). Fortnite removed access to the 4824 Map from October 1 to October 17. (*Id.* ¶¶ 18, 20.) When the 4824 Map was reinstated, it reached approximately one-sixth the number of players it had before the takedown. (*Id.* ¶ 22.)

Plaintiff initiated this action, alleging Defendant filed a false takedown notice to increase his own revenue and cause financial harm to Plaintiff in violation of 17 U.S. § 512. (*Id.* ¶¶ 6-30.) Plaintiff further alleges tortious interference of Plaintiff's contract with Fortnite. (*Id.* ¶¶ 31-48.) Plaintiff served Defendant but failed to appear or otherwise respond to the Complaint. (Doc. 17.) The Clerk of Court entered default against Defendant Jean Paul Chavez Pino. (Doc. 19.) Plaintiff moved for default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 22.) The Court denied the motion without prejudice because it did not provide a sufficient explanation as to why the Court has personal jurisdiction over Defendant. (Doc. 24.) Plaintiff filed an Amended Motion for Default Judgment. (Doc. 25.)

**II.**

The Court has reviewed the Amended Motion for Default Judgment and the entire record. Jurisdiction and venue are proper. The Court also finds that Plaintiff has satisfied all service of process and notice requirements under the Federal Rules of Civil Procedure. Plaintiff has also satisfied the conditions for the entry of default and the entry of a default judgment under Rule 55(a) and (b).

. . . .

. . . .

. . . .

. . . .

The Court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factors below are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*

The first, fifth, and sixth factors weigh in Plaintiff's favor. Denying default judgment would leave Plaintiff without a remedy because Defendant chose not to appear and defend this case. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The fifth factor also supports default judgment because "all well-pleaded facts in the complaint are taken as true . . . [therefore] no genuine dispute of material facts would preclude granting" the amended motion. *Id.* Additionally, the sixth factor warrants entering default judgment because Defendant was properly served under Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k). (Doc. 17.) *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding that a defendant's failure to answer is likely not a result of excusable neglect if the defendant is served properly).

The second and third *Eitel* factors, the merits of the claim and the sufficiency of the complaint, are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which [he] may recover." *Viet. Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citation modified). The Complaint provides that Defendant violated 17 U.S.C. § 512(f) by filing a false and improper DMCA takedown notice claiming that Plaintiff was infringing upon Defendant's copyright. (Doc. 1 at 2-5.) "[T]o state a claim for misrepresentation under § 512(f), Plaintiff[] must allege that Defendant 'knowingly and materially misrepresent[ed]' that

copyright infringement has occurred, that [the service provider] 'relied' on such misrepresentations, and that Plaintiff[] [has] been 'injured' as a result." *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015). The complaint provides that Defendant's takedown notice was "incomplete, inaccurate, and untrue" and did not contain any information showing that Defendant had a copyright or ownership interest in the allegedly infringing material. (*Id.* at 3-4.). The complaint also provides that the Defendant knew his notice was improper when he submitted it. (*Id.* at 4.) The complaint further provides that, as a result of this notice, Fortnite removed the 4824 Map from Oct. 1 to Oct. 17, causing a loss in revenue as a result of the downtime itself as well as the subsequent loss in player volume. (*Id.*) The Court finds that these facts demonstrate that Defendant knowingly and materially misrepresented that copyright infringement has occurred, that the service provider relied on such misrepresentations, and Plaintiff has been injured as a result. Plaintiff has therefore sufficiently alleged entitlement to relief on the merits, and the second and third *Eitel* factors weigh in Plaintiff's favor.

Under the fourth factor, the Court considers the amount of money at stake related to the seriousness of Defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Streeter*, 438 F. Supp. 2d at 1071. Plaintiff seeks $501,000 in actual damages pursuant to 17 U.S.C. § 512(f), which authorizes the recovery of "any damages" related to a knowingly material misrepresentation of infringement under the statute. (Doc. 22 at 7); *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100. Plaintiff also filed a Motion for Attorneys' Fees and Costs seeking $6,000 in attorney fees and $3,977.54 in costs pursuant to 17 U.S.C. § 505. (Doc. 21.) Plaintiff further seeks interest at the statutory rate on all the above amounts pursuant to 28 U.S.C. § 1961. (Doc. 22 at 7.) The Court finds the requested damages reasonable given Defendant's conduct. The Court also finds that the requested attorneys' fees are reasonable given the needs associated with prosecuting this case. As a result, the fourth *Eitel* factor weighs in Plaintiff's favor, and the Court will grant Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 21).

As the Federal Rules of Civil Procedure favor a decision on the merits, the seventh factor generally weighs against default judgment, but the existence of Rule 55(b) "indicates that 'this preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH., 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). This factor is not sufficient on its own to preclude an entry of default judgment.

Upon weighing all the *Eitel* factors, the Court finds that Plaintiff has a right to default judgment. Having closely considered Plaintiff's submissions concerning the applicable statutes of limitation, the Court finds that certain damages are recoverable.

### III.

Having considered the Motion for Attorneys' Fees and Costs, the Court finds as follows.

Plaintiff is entitled to recover a reasonable award of attorneys' fees under the DMCA. 17 U.S.C. § 512(f); *Automattic*, 82 F. Supp. 3d at 1032. "To determine a reasonable award of attorneys' fees, courts employ the 'lodestar' figure, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Id.* The party seeking fees has the burden of submitting records establishing that the number of hours requested is reasonable. *Id.* Once the compensable hours are set, the district court then determines a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees. *Id.* (citing *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th Cir. 1995)).

Plaintiff has submitted a Schedule of Fees and Costs outlining the tasks performed, time spent, and person who performed the work. (Doc. 21-1 at 4-9.) This schedule shows 25.5 hours of work performed by an attorney and a paralegal. (Doc. 21-1 at 3-9.) Aggregated across these two employees, Plaintiff's request for $6,000 (less than half what Plaintiff asserts it actually incurred in fees) in attorneys' fees represents an hourly rate of $235.29 per hour. The Court finds that this hourly rate is reasonable. *See Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (finding a $325 hourly rate

reasonable); *Ramos v. Probuilds LLC*, No. CV-23-01111-PHX-SMM (DMF), 2024 WL 1078078, at *6 (D. Ariz. Feb. 26, 2024) ("In the District of Arizona, Plaintiff's counsel has regularly been awarded a $350 to $395 hourly rate."). The Court has also reviewed the individual time entries and finds that they are satisfactory.

**IT IS THEREFORE ORDERED** that the Amended Motion for Default Judgment (Doc. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Attorneys' Fees and Costs (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Pandvil LLC is awarded judgment against Defendant Jean Paul Chavez Pino:

A. Entering a Default Judgment of $501,000, against Defendant and in favor of Plaintiff.

B. Awarding attorneys' fee in the amount of $6,000, plus costs in the amount of $3977.54 pursuant to 17 U.S.C. § 505.

C. Awarding post judgment interest on the above amounts in accordance with 28 U.S.C. § 1961.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter final judgment consistent with this Order and close this case.

Dated this 25th day of March, 2026.

Michael T. Liburdi
United States District Judge